UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| TREVOR KOPP, § | |
| § | |
| *Plaintiff*, § | |
| § | |
| v. § | |
| § | |
| WHITE SWAN TRANSPORATION § | |
| LLC; § | EP-24-CV-00278-DCG |
| J B HUNT LOGISTICS INC § | |
| *d/b/a* J B HUNT; § | |
| J B HUNT TRANSPORT INC § | |
| *d/b/a* J B HUNT; **and** § | |
| JOANA EDMOND, § | |
| § | |
| *Defendants*. § | |

## ORDER REMANDING CASE TO STATE COURT

The Court previously ordered Defendant J B Hunt Logistics Inc. *d/b/a* J B Hunt and Defendant J B Hunt Transport Inc. *d/b/a* J B Hunt (together, the "Removing Defendants") to show cause why the Court shouldn't remand the above-captioned case to state court for want of subject matter jurisdiction.[1]

Having now reviewed the Removing Defendants' Response to the Order to Show Cause,[2] the Court concludes for the following reasons that the Removing Defendants haven't carried

---

[1] Order Show Cause, ECF No. 4, at 1, 6.

All page citations in this Order refer to the page numbers assigned by the Court's CM/ECF system, not the document's internal pagination.

[2] *See generally* Resp. Order Show Cause, ECF No. 5.

their burden to show that federal subject matter jurisdiction exists here.³ Accordingly, the Court **REMANDS** this case to state court.

## I. DISCUSSION

The Removing Defendants removed this case from state court to this Court on August 8, 2024.⁴ They identified diversity jurisdiction as the sole putative basis for removal.⁵ For the following reasons, however, diversity jurisdiction doesn't exist here, and the case is therefore unremovable.

### A. Background on Diversity Jurisdiction

Subject to a prerequisite that isn't at issue here,⁶ a federal court may exercise diversity jurisdiction over civil actions between "citizens of different States."⁷ Diversity jurisdiction exists to give out-of-state litigants a neutral federal forum in which to litigate their disputes, free

---

³ *See, e.g.*, *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) ("The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper.").

⁴ *See* Notice Removal, ECF No. 1.

⁵ *See id.* at 2–4; *see also infra* Sections I.A–B (discussing diversity jurisdiction in greater detail).

The Removing Defendants identify no other potential basis for exercising federal subject matter jurisdiction over this suit, *see generally* Resp. Order Show Cause, and the Court perceives none, *see* Order Show Cause at 4 n.10 ("It doesn't appear that any other basis for federal subject matter jurisdiction exists here. To rule out the most obvious alternative, Plaintiff's claims [arise] exclusively under state tort law, so it doesn't appear that the Court may exercise federal question jurisdiction over this case." (citations omitted)).

⁶ A federal court may exercise diversity jurisdiction only if "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). Because the Court concludes below that it lacks diversity jurisdiction over this case for reasons unrelated to the amount in controversy, *see infra* Section I.B, the Court needn't decide whether this case meets the $75,000 threshold, *see, e.g.*, *Diaz v. Travelers Lloyds of Tex. Ins. Co.*, No. 5:12-cv-1105, 2013 WL 12092223, at *1 n.1 (W.D. Tex. Feb. 6, 2013) ("Since the Court finds that complete diversity does not exist, it need not address whether the amount in controversy exceeds $75,000.").

⁷ *See* 28 U.S.C. § 1332(a)(1); *see also, e.g.*, *Flagg v. Stryker Corp.*, 819 F.3d 132, 135 (5th Cir. 2016) (en banc).

from any bias in favor of local litigants that might exist in state court.[8] Thus, with certain exceptions,[9] if a plaintiff files a case in *state* court that he *could have* filed in *federal* court as a diversity case, then a defendant may remove that case to federal court.[10]

**B.      The Court Can't Exercise Diversity Jurisdiction Over This Case Because the Parties Aren't Completely Diverse**

Critically, however, the diversity jurisdiction statute requires *complete* diversity.[11] That means that diversity jurisdiction exists only if *each* plaintiff is a citizen of a different State than *each* defendant.[12]

The Removing Defendants readily admit that "complete diversity does not exist" here because Plaintiff and one of the four Defendants (Joana Edmond) are citizens of the *same* State—namely, Florida.[13] For that reason and that reason alone, the Court cannot exercise diversity jurisdiction over this case; the Court must instead remand the case back to state court.[14]

---

[8] *See, e.g.*, *Powell v. Offshore Navigation, Inc.*, 644 F.2d 1063, 1067 (5th Cir. Unit A May 1981).

[9] *See, e.g.*, *infra* Section I.C.1 (discussing one of those exceptions and explaining why it doesn't apply here).

[10] *See* 28 U.S.C. § 1441(a) ("Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."); *see also, e.g.*, *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

[11] *See infra* note 12 and accompanying text.

[12] *See, e.g.*, *McLaughlin v. Miss. Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004) ("The concept of complete diversity requires that all persons on one side of the controversy be citizens of different states than all persons on the other side." (quoting *Harrison v. Prather*, 404 F.2d 267, 272 (5th Cir. 1968))); *In re Levy*, 52 F.4th 244, 246 (5th Cir. 2022) ("[R]emoval [on the basis of diversity jurisdiction] is permissible only if complete diversity exists among all named parties: Each plaintiff must be diverse from each defendant . . . ." (emphasis omitted)).

[13] *See* Resp. Order Show Cause at 2; *see also* Notice Removal at 3–4.

[14] *See, e.g.*, *Ziegler v. Champion Mortg. Co.*, 913 F.2d 228, 229 (5th Cir. 1990) ("Finding a want of complete diversity and no other basis for jurisdiction in the record, we [instruct the district court] to remand the case to the state courts.").

C.  **The Fact That Plaintiff Hadn't Served the Non-Diverse at the Time of Removal Is Irrelevant**

The Removing Defendants nonetheless insist that the Court has jurisdiction over this case because Plaintiff hadn't yet served the non-diverse Defendant (Edmond) at the time of removal.[15] To understand the Removing Defendants' argument (and why it's meritless), one must first understand two legal doctrines that don't apply in this case.

1.  **The Forum-Defendant Rule**

As previewed above,[16] there are exceptions to the general rule that a defendant may remove a case from state court to federal court when the parties are completely diverse. One such exception is the "forum-defendant rule,"[17] which provides that "[a] civil action otherwise removable solely on the basis of [diversity jurisdiction] *may not be removed* if any of the parties in interest properly joined and served as defendants" in the case "is *a citizen of the State in which such action is brought*."[18] That exception to removability exists because the concerns about protecting defendants from local bias[19] aren't as weighty when at least one of the defendants is itself a citizen of the forum state.[20]

---

[15] *See* Resp. Order Show Cause at 4 ("[R]emoval is appropriate here because [Defendant Edmond] had not been served at the time [the Removing Defendants] filed [their] notice of removal.").

[16] *See supra* note 9 and accompanying text.

[17] *E.g.*, *Tex. Brine Co. v. Am. Arb. Ass'n*, 955 F.3d 482, 485 (5th Cir. 2020) (using the term).

[18] *See* 28 U.S.C. § 1441(b)(2) (emphases added).

[19] *See supra* note 8 and accompanying text.

[20] *See, e.g.*, *Breitweiser v. Chesapeake Energy Corp.*, No. 3:15-CV-2043, 2015 WL 6322625, at *5 (N.D. Tex. Oct. 20, 2015) ("Allowing diversity jurisdiction[-]based removal protects out-of-state defendants from the possible prejudices of litigating in the plaintiff's home state court. It provides defendants with access to the unbiased forum of federal court. The possibility of prejudice vanishes, however, when plaintiffs seek to litigate in the defendants' home state court. When this happens, the forum-defendant rule limits defendants' ability to remove on diversity grounds and restores the plaintiff's right to select the forum." (citations omitted)).

To illustrate how the forum-defendant rule operates in practice,[21] suppose that Mississippi Marvin sues Texas Tina in a Texas state court.[22] The parties to that hypothetical case are completely diverse for jurisdictional purposes—Marvin's from Mississippi, and Tina's from Texas.[23] So if—counterfactually—Marvin had instead sued Tina in a Texas *federal* court, that federal court could have exercised diversity jurisdiction over the case.[24] But because Marvin instead filed the case in a Texas *state* court, and because Tina is "a citizen of the State in which [the] action [was] brought" (namely, Texas),[25] the forum-defendant rule bars Tina from *removing* the case to federal court—even though the parties are completely diverse.[26]

### 2. Snap Removal

Critically, however, the forum-defendant rule applies only "if any of the parties in interest properly joined *and served* as defendants" in the case "is a citizen of the State in which [the] action is brought."[27] If the plaintiff *hasn't yet served* any of the in-state defendants with

---

[21] The Court loosely bases the following hypothetical on the facts of *Mason v. Entergy Tex., Inc.*, No. 1:15-CV-46, 2015 WL 1503676 (E.D. Tex. Mar. 31, 2015).

[22] *Cf., e.g.*, *id.* at *1 (E.D. Tex. Mar. 31, 2015) ("[The plaintiff filed this suit] in the 58th Judicial District Court of Jefferson County, Texas . . . ."); *id.* ("The parties agree that [the plaintiff] is a citizen of Mississippi and that [the defendant] is a citizen of Texas.").

[23] *Cf., e.g.*, *id.* at *2 ("[C]omplete diversity exists.").

[24] *See* 28 U.S.C. § 1332(a)(1) ("The district courts shall have original jurisdiction of all civil actions where the matter . . . is between . . . *citizens of different States*." (emphasis added)).

Assume too that the amount in controversy in the suit exceeds $75,000. *See supra* note 6 (discussing the diversity jurisdiction statute's $75,000 amount-in-controversy requirement).

[25] *See* 28 U.S.C. § 1441(b)(2).

[26] *Cf., e.g.*, *Mason*, 2015 WL 1503676, at *2 ("Here, [the defendant] is a citizen and resident of Texas—the same state in which [the plaintiff] filed suit. . . . [B]ecause an action may not be removed on the basis of diversity jurisdiction if any defendant, properly joined and served, is a citizen of the state where the plaintiff filed suit, [the defendant]'s removal was procedurally defective. [Thus], this case was improvidently removed, and remand is warranted.").

[27] *See* 28 U.S.C. § 1441(b)(2) (emphasis added).

process, then a defendant who *has* been served may remove the case notwithstanding the forum-defendant rule.[28]  Removing a diversity case before the plaintiff serves any of the in-state defendants is called "snap removal,"[29] and the Fifth Circuit held in *Texas Brine Co. v. American Arbitration Ass'n* that snap removal is a valid method for removing a diversity case that might otherwise be unremovable under the forum-defendant rule.[30]

To illustrate how snap removal works, consider the following hypothetical based on the facts of *Texas Brine* itself.[31]  Suppose that a Texas citizen sues three defendants in a Louisiana state court.[32]  One of those defendants is a New York citizen; the other two are Louisiana citizens.[33]  The parties are completely diverse because none of the defendants is a citizen of the same state as the plaintiff.[34]  Thus, a federal court could exercise diversity jurisdiction over the case had the plaintiff filed the suit in federal court in the first instance.[35]  The only potential obstacle to *removing* the case from state court to federal court is the fact that two of the

---

[28] *E.g.*, *Tex. Brine*, 955 F.3d at 487 ("A non-forum defendant may remove an otherwise removable case even when a named defendant who has yet to be 'properly joined and served' is a citizen of the forum state.").

[29] *E.g.*, *id.* at 485.

[30] *See id.* at 485–87; *see also, e.g.*, *Levy*, 52 F.4th at 247 (noting that "*Texas Brine* . . . authorized the use of snap removals in this circuit").

[31] *See* 955 F.3d at 483–87.

[32] *Cf. id.* at 484 ("The [plaintiff] brought suit in Louisiana state court . . . against one out-of-state defendant and two in-state defendants.").

[33] *Cf. id.* ("The plaintiff is a Texas limited liability company.  The defendants are a New York corporation . . . and two individual citizens of Louisiana.").

[34] *Cf. Levy*, 52 F.4th at 248 (noting that "diversity was complete" "in *Texas Brine*" (cleaned up)).

[35] *Cf. id.* ("Had the *Texas Brine* plaintiff wanted, it could have filed its case originally in federal court.").

Here too, assume that the amount in controversy exceeds $75,000.  *See supra* note 6.

defendants are "citizen[s] of the State in which [the] action [was] brought" (namely, Louisiana).[36]

Let's also suppose, though, that the plaintiff has only served the *New York* defendant with process; the plaintiff *hasn't* yet served the *Louisiana* defendants.[37] In that circumstance, none of "the parties . . . properly joined *and served* as defendants" would be "a citizen of the State in which" the plaintiff brought the suit.[38] The only "properly joined and served" defendant would be the New York defendant, which isn't a citizen of the forum state (Louisiana).[39] That New York defendant could therefore "snap remove" the case to federal court, and the federal court could then hear the case—notwithstanding the forum-defendant rule.[40]

### 3.  The Court Can't Disregard the Citizenship of the Unserved Defendant for the Purposes of Evaluating Whether the Parties are Completely Diverse

The problem for the Removing Defendants is that none of that has anything to do with this case. As the Removing Defendants all but concede,[41] this case doesn't implicate the forum-defendant rule because none of the Defendants—served or unserved—is a citizen of the state in

---

[36] *See* 28 U.S.C. § 1441(b)(2); *see also Tex. Brine*, 955 F.3d at 486 (acknowledging that *Texas Brine* "would not have been removable had the [Louisiana] defendants been 'properly joined and served' at the time of removal").

[37] *Cf. Tex. Brine*, 955 F.3d at 484 (noting that after "[t]he out-of-state defendant" in *Texas Brine* "was served with process," the out-of-state defendant "immediately removed the case to federal court before the in-state defendants were served").

[38] *See* 28 U.S.C. § 1441(b)(2) (emphasis added).

[39] *See also Tex. Brine*, 955 F.3d at 486 (concluding that the forum-defendant rule imposed no "procedural barrier to removal" in *Texas Brine* "because the only defendant 'properly joined and served' at the time of removal "was not a citizen of Louisiana, the forum state").

[40] *See id.* at 484 (affirming the lower court's ruling that "removal prior to service on the nondiverse defendants was proper").

[41] *See* Resp. Order Show Cause at 4 (acknowledging that Defendant Joana Edmond is not "a resident of Texas"—and, thus, is "not a forum-defendant").

which Plaintiff filed this suit (Texas).[42]  And because the forum-defendant rule doesn't apply here, *Texas Brine*'s holding that snap removal is a valid way to get around that rule is simply "inapposite."[43]

Yet the Removing Defendants nonetheless maintain that they validly "snap removed" this case under the authority of *Texas Brine* because they removed the case before Plaintiff served the non-diverse Defendant (Edmond) with process.[44]  Because Plaintiff (a Florida citizen) is diverse from the only Defendants whom Plaintiff had "properly joined and served" at the time of removal (namely, the Removing Defendants, who are citizens of Arkansas),[45] the Removing Defendants insist that the Court may ignore the citizenship of the unserved Defendants and exercise diversity jurisdiction over this case.[46]

    a. **The Diversity Statute's Text Forecloses the Removing Defendants' Argument**

There are two fatal problems with that argument.  The first is that it finds no support in the statutory text.  Unlike the statutory provision codifying the *forum-defendant* rule—which explicitly empowers federal courts to disregard the citizenship of a defendant who has not been

---

[42] *See* Notice Removal at 4 (noting that "Defendants are citizens of Arkansas, California, and Florida"); *see also* 28 U.S.C. § 1441(b)(2).

[43] *See Levy*, 52 F.4th at 247.

[44] *See* Resp. Order Show Cause at 4 (arguing that "snap removal is appropriate here because [Defendant Edmond] had not been served at the time [the Removing Defendants] filed [their] notice of removal"); *id.* at 3–4 (basing that argument on *Texas Brine*).

[45] *See id.* at 3–4; *see also* Notice Removal at 3.

[46] *See* Resp. Order Show Cause at 2–4.

"properly joined and served"[47]—the statutory provision codifying the *complete diversity* requirement doesn't include any language limiting its applicability to defendants who have been "properly joined and served."[48] To the contrary, the latter provision merely states that the parties must be "citizens of different States" for diversity jurisdiction to exist—full stop.[49] So there's no textual hook in the diversity jurisdiction statute that would allow a court to disregard the citizenship of defendants who haven't been "properly joined and served" when evaluating whether the parties are completely diverse.[50]

### b. Binding Fifth Circuit Precedent Forecloses the Removing Defendants' Argument

The even bigger problem with the Removing Defendants' argument is that the Fifth Circuit has squarely rejected it. The Fifth Circuit's published (and therefore binding) opinion in *In re Levy*—which the Removing Defendants failed to analyze (or even acknowledge) in their

---

[47] *See* 28 U.S.C. § 1441(b)(2) ("A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest *properly joined and served* as defendants is a citizen of the State in which such action is brought." (emphasis added)).

*See also Tex. Brine*, 955 F.3d at 486 (remarking that 28 U.S.C. § 1441(b)(2)'s "plain language allows snap removal").

[48] *See* 28 U.S.C. § 1332(a) ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States.").

*See also, e.g.*, *Cox v. J.B. Hunt Transp., Inc.*, No. 20-1454, 2020 WL 3288090, at *2 (S.D. Tex. June 18, 2020) ("The forum-defendant rule applies only to defendants that have been 'properly joined and served'; there is no similar limiting language in the statute requiring diversity of citizenship." (citations omitted)).

[49] *See* 28 U.S.C. § 1332(a)(1).

[50] *See id.* § 1332(a).

Response to the Court's Order to Show Cause[51]—unequivocally forecloses the Removing Defendants' argument.[52]

The plaintiff in *Levy* was a citizen of Louisiana who sued three defendants in a Louisiana state court.[53] Two of those defendants were Louisiana citizens just like Plaintiff;[54] the third defendant was a citizen of New York and Illinois.[55]

Before the plaintiff in *Levy* served either of the two Louisiana defendants, the third defendant removed the case on the basis of diversity jurisdiction.[56] The removing defendant made exactly the same argument that the Removing Defendants make here:[57] that, for the purposes of determining whether the parties were completely diverse, the court could disregard the Louisiana defendants' citizenship under the authority of *Texas Brine* because the plaintiff hadn't yet served those defendants with process.[58]

---

[51] *See generally* Resp. Order Show Cause.

[52] *See Levy*, 52 F.4th at 247–48.

*See also, e.g.*, *ODonnell v. Salgado*, 913 F.3d 479, 482 (5th Cir. 2019) ("[P]ublished [Fifth Circuit] opinions[] bind[] the district courts in this circuit.").

[53] 52 F.4th at 245–46.

[54] *See id.* at 245–46 & n.1.

[55] *See* Notice of Removal at 1, *Levy v. Zurich Am. Ins. Co.*, No. 2:21-cv-01993 (E.D. La. Oct. 28, 2021), ECF No. 1.

[56] *See* 52 F.4th at 246.

[57] *See supra* note 44–46 and accompanying text.

[58] *See* Opposition to Motion to Remand at 3–4, *Levy v. Zurich Am. Ins. Co.*, No. 2:21-cv-01993 (E.D. La. Nov. 30, 2021), ECF No. 5 ("Plaintiff's Motion to Remand should be denied based on the Fifth Circuit['s] ruling in *Texas Brine* . . . ."); *id.* at 11 ("Since neither of the Louisiana defendants . . . have been served, [the diverse defendant]'s removal should not fail for lack of complete diversity.").

The Fifth Circuit flatly rejected that argument.[59] It explained that *Texas Brine* only authorizes pre-service "snap" removal *if the parties are completely diverse*.[60] In other words, snap removal only allows a defendant to get around the *forum-defendant* rule; it *doesn't* allow a defendant to get around the *complete diversity* requirement by removing the case before the plaintiff has served any of the non-diverse defendants.[61]

The *Levy* court thus held that "[a] defendant's non-diverse citizenship cannot be ignored simply because he was an unserved defendant" at the time of removal.[62] In other words, "[c]omplete diversity is still required *even if one or more defendants have not been served*."[63] Thus, when evaluating whether the parties to a case are completely diverse (as opposed to assessing whether the forum-defendant rule renders that case unremovable), snap removal precedents like *Texas Brine* are simply "inapposite."[64]

---

[59] *See Levy*, 52 F.4th at 247–48.

[60] *See id.* ("[I]n a situation *of complete diversity*, a case can be removed despite the presence of a resident defendant, but only if that defendant is unserved. *Texas Brine* governs a case *with complete diversity*. But [*Texas Brine*'s] reasoning is inapplicable here, because . . . *complete diversity is wanting*." (emphases added)).

[61] *See id.*

*See also, e.g.*, *Molina v. B2B Xpress Inc.*, No. 3:23-CV-70, 2023 WL 5090819, at *2 (W.D. Tex. Aug. 9, 2023) ("[S]nap removal is merely a procedural maneuver to avoid the forum-defendant rule's procedural bar to removal. It cannot be used to circumvent the jurisdictional requirement of complete diversity." (citing *Levy*, 52 F.4th at 246)).

[62] 52 F.4th at 248 (cleaned up) (quoting *N.Y. Life Ins. Co. v. Deshotel*, 142 F.3d 873, 883 (5th Cir. 1998)).

[63] *Id.* at 247 (emphasis added).

[64] *Id.*

So, because the *Levy* plaintiff and at least one of the *Levy* defendants were citizens of the same state (Louisiana), the Fifth Circuit held that the Louisiana defendants' presence in the case precluded the court from exercising diversity jurisdiction over the suit—even though the Louisiana defendants hadn't been served at the time of removal.[65]

So too here. Again, Plaintiff and Defendant Joana Edmond are citizens of the same state (Florida), and so the parties aren't completely diverse.[66] The fact that Plaintiff hadn't yet served Edmond at the time of removal is irrelevant, as the Court can't disregard the citizenship of unserved defendants when assessing whether the parties are completely diverse.[67] The Removing Defendants therefore removed this case in contravention of the complete diversity requirement, and the Court must therefore return the case to state court where it belongs.[68]

It's frustrating that the Removing Defendants have advanced an argument that binding Fifth Circuit precedent squarely forecloses. But what's even more frustrating is that the Removing Defendants made that argument after this Court explicitly told the Removing Defendants that the argument was meritless and directed them to the binding precedent foreclosing their position. In its August 19, 2024 Order to Show Cause, the Court expressly told the Removing Defendants that even though "Plaintiff ha[d]n't yet served Defendant Edmond" at the time of removal, "*that [did]n't mean that the Court [could] disregard Edmond's citizenship*

---

[65] *See id.* ("Here, there are a named plaintiff and at least one named defendant who are both citizens of Louisiana; that destroys complete diversity. . . . [T]his case should [thus] be remanded to state court.").

[66] *See supra* Section I.B.

[67] *See Levy*, 52 F.4th at 247 ("Complete diversity is still required even if one or more defendants have not been served . . . . A defendant's non-diverse citizenship cannot be ignored simply because he was an unserved defendant." (cleaned up)).

[68] *See supra* Section I.B.

*for jurisdictional purposes.*"[69] Quoting directly from *Levy*, the Court notified the Removing Defendants that "[c]omplete diversity is still required *even if one or more defendants have not been served*," and that "[a] defendant's non-diverse citizenship *cannot be ignored simply because she is an unserved defendant.*"[70] Yet the Removing Defendants nevertheless argued in their September 3, 2024 Response to that Order that the Court could ignore Edmond's citizenship "because she had not been served at the time [the Removing Defendants] filed [their] notice of removal."[71] Thus, the Removing Defendants have needlessly wasted the Court's time and resources by removing an unremovable case, making arguments foreclosed by binding precedent, and forcing the Court to explain the applicable legal principles twice when once should have sufficed.

## II.     CONCLUSION

In sum, the Court lacks diversity jurisdiction over this case because Plaintiff Trevor Kopp is a citizen of the same State as one of the Defendants—namely, Defendant Joana Edmond, who (like Plaintiff) is a citizen of Florida.[72] And the fact that Plaintiff hadn't yet served Edmond at the time of removal doesn't change that.[73]

---

[69] Order Show Cause at 5 n.14 (emphasis added) (citation omitted).

[70] *Id.* (emphasis added) (cleaned up) (quoting *Levy*, 52 F.4th at 247–48).

[71] *See* Resp. Order Show Cause at 4.

[72] *See supra* Section I.B.

[73] *See supra* Section I.C.

- 14 -

Because no other basis for federal subject matter jurisdiction exists here,[74] the Court **REMANDS** this case to the District Court for the 205th Judicial District, Hudspeth County, Texas.

The Court **CLOSES** the federal case.

**So ORDERED and SIGNED this 12th day of September 2024.**

_____
**DAVID C. GUADERRAMA**
**SENIOR U.S. DISTRICT JUDGE**

---

[74] *See supra* note 5.